ALBERTO HERNANDEZ v. UNITED STATES

No. 7435.—Pro forma invoice dated December 27, 1944.
Entered at Tampa, Fla., December 27, 1944.
Entry No. 557.

(Decided November 14, 1947)

Plaintiff not represented by counsel.

*Paul P. Rao*, Assistant Attorney General (*Arthur R. Martoccia*, special attorney); for the defendant.

CLINE, Judge: This is an appeal for reappraisement of certain brooms imported from Cuba on December 19, 1944. The merchandise was entered and appraised as follows:

|  | Entered | Appraised |
|---|---|---|
| 6 string household brooms | $5.90 per doz | $6.50 per doz. |
| 6 string warehouse brooms | $7.00 per doz | $7.50 per doz. |
| Whisk brooms | $2.04 per doz | $3.00 per doz. |
|  | Plus 2.75% tax. | Net packed |

At the trial, Alberto Hernandez appeared in his own behalf and testified that he had contracted for the merchandise at the prices at which he entered it, although he did not have any bill of lading or consular invoice to substantiate the price; that he had contracted to buy the 6-string special or warehouse brooms at $7 per dozen, the 6-string regular or household brooms at $5.90 per dozen, and the whisk brooms at 17 cents each; that those were the advertised sched- ule prices; that he actually paid $7.50 per dozen for the 6-string special brooms, $6.50 per dozen for the 6-string regular brooms, and $3 per dozen for the whisk brooms. The prices listed in the pro forma invoice are those which plaintiff stated he had contracted to pay and those listed in the consular invoice are those which plaintiff stated he actually paid.

There is nothing in this record to overcome the presumption of correctness attaching to the appraiser's valuation of the merchandise. I find, therefore, that the foreign value, as that value is defined in section 402 (c) of the Tariff Act of 1930, is the proper basis for the determination of the value of the merchandise here involved and that such values are the appraised values.

Judgment will be rendered accordingly.